UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:16-00057

KASANDRA HATCHER


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER


On May 2, 2019, the United States of America appeared by C. Haley Bunn, Assistant United States Attorney, and the defendant, Kasandra Hatcher, appeared in person and by her counsel, L. Thompson Price, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Kara Dills. The defendant commenced a three-year term of supervised release in this action on March 30, 2018, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on August 3, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by her on May 2, June 19, July 3 and 11, August 2, 16 and 23, 2018, for amphetamine and methamphetamine; and the defendant's admission to the probation officer on April 2, 2019, that she used marijuana and methamphetamine the previous day; (2) the defendant violated state and local law as evidenced by her guilty plea on July 26, 2018, for simple possession of a controlled substance in the Magistrate Court of Kanawha County, West Virginia; (3) the defendant associated with a convicted felon without permission as set forth in Violation No. 3; (4) the defendant failed to report for urine screens as instructed on May 14, July 19, August 13 and 29, September 6 and 11, and September 19, 2018; (5) the defendant failed to attend individual substance abuse counseling sessions as directed for the months of July, August and September 2018; (6) the defendant failed to attend intensive outpatient counseling sessions as directed for the months of June, July, August and September 2018; and (7) the defendant failed to attend any individual

2

counseling sessions, outpatient counseling sessions or any

scheduled urine screens for the months of September, October,

November, December 2018, and January, February and March 2019;

all as admitted by the defendant on the record of the hearing

and all as set forth in the petition on supervised release and

amendment thereto.

And the court finding, as more fully set forth on the

record of the hearing, that the violations warrant revocation of

supervised release and, further, that it would unduly depreciate

the seriousness of the violations if supervised release were not

revoked, it is ORDERED that the supervised release previously

imposed upon the defendant in this action be, and it hereby is,

revoked.

And the court having complied with the requirements of

Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal

Procedure, and finding, after considering the factors set forth

in 18 U.S.C. § 3583(e), that the defendant should be confined to

the extent set forth below, it is accordingly ORDERED that the

defendant be, and he hereby is, committed to the custody of the

United States Bureau of Prisons for imprisonment for a period of

THREE (3) MONTHS, to be followed by a term of thirty-three (33)

months of supervised release upon the standard conditions of

supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that she participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point in Charleston, West Virginia, where she shall follow the rules and regulations of the facility, participate in drug abuse counseling and treatment as directed by the program and the probation officer, and participate in random urine screens. The defendant shall travel directly, without interruption, from her place of incarceration to the Recovery Point program.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 22, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge